IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(in admiralty)

CASE NO.

AIG PROPERTY CASUALTY COMPANY,
As subrogee

    Plaintiff,

v.

RODRIGUEZ OCEAN YACHTS, LLC
a Florida Limited
Liability Company,

    Defendant.

_____/

## COMPLAINT

Plaintiff, AIG Property Casualty Company ("Plaintiff"), as subrogee of Jorge R. de Posada and Laura de Posada (jointly "Insureds"), sues Defendant, Rodriguez Ocean Yachts, LLC ("Defendant"), a Florida limited liability company, and alleges:

1. Plaintiff is an insurance company engaged, in part, in insuring recreational motor vessels. At all material times Plaintiff insured Insureds, owners of a 2021 50' pleasure yacht manufactured by Uniesse in Italy, Model HTC5, ("Vessel"), pursuant to the terms and conditions of Insurance Policy No. PY 6 484-75-27 ("Policy").

2. At all material times, Rodriguez has been a limited liability company doing business in Miami Dade County, Florida, repairing and servicing boats and air conditioning marine equipment.

3. This is an admiralty and maritime claim for damages arising out of breach of a ship repair contract, breach of the warranty of workmanlike performance, and negligence. This Court has jurisdiction pursuant to 28 U.S.C.A. §1333. Alternatively, Plaintiffs' causes of action for negligence are also within this Court's supplemental jurisdiction pursuant to 28 U.S.C.A. §1367(a).

4. Venue is proper in this district as the district court has personal jurisdiction over Rodriguez and the causes of action alleged in this Complaint arose in Miami-Dade County, Florida.

5. Sometime in July of 2024, while Vessel was in navigable waters behind a residence located at 9330 Gallardo Street, Coral Gables, FL, Vessel began taking on water and partially sank.

6. Shortly thereafter it was determined that the terminal end of a flexible hose that was delivering water from the raw water pump to the air conditioning chiller had detached from the seawater inlet nipple. Once the hose was reattached, the water stopped flowing into the engine room.

**MEJER LAW, P.A.**

Sun Trust Plaza ~201 Alhambra Circle~Suite 504 , Coral Gables, FL 33134
Telephone 305-444-3355 Telefax 305-442-4300
PAGE 2

7. When Vessel was initially delivered by Uniesse to Insureds, it had installed an air conditioning system more suitable to Italy than to South Florida's subtropical hot and humid climate.

8. As a result, Uniesse agreed to replace the Italian system with a Dometic air conditioning system.

9. To accomplish this exchange, Uniesse retained the services of Rodriguez.

10. Rodriguez removed the Italian system and installed the Dometic system. As part of the installation, Rodriguez connected the raw water hose to the air conditioner's seawater inlet nipple.

11. Thereafter, Insureds directly hired Rodriguez to perform work, as well as maintenance, on the Dometic Air conditioning system.

12. After the engine room flooded and the Vessel partially sank, Insured presented a claim for damages to Plaintiff.

13. For the loss Plaintiff recognized a claim of $550,000.00, with Insureds retaining a deductible of $42,000.00. Plaintiff paid Insured $550,000.00 and has become subrogated to the interests of Insureds.

14. As a result of the above-described payments, through subrogation, Plaintiff has become entitled to bring this action in its own name and stead.

15. Plaintiff and Insureds have performed all conditions precedent to maintain this action, or all such conditions have occurred.

## COUNT I
### (Negligence)

Plaintiff reiterates and realleges its allegation contained in paragraphs 1 through 14, above, and further states:

16. At the time that Uniesse hired Rodriguez to replace the Italian air conditioning system with a Dometic system, there devolved on Rodriguez a duty to exercise reasonable care and to work in a workmanlike manner while performing its work on Insureds' Vessel.

17. Rodriguez breached that duty by failing to properly tighten or otherwise properly secure the two hose clamps that held in place the raw water hose that connected to the Dometic chiller unit.

18. As a result of Rodriguez' breach of duty, the raw water hose came off the chiller unit, thereby flooding the engine room, causing Vessel to partially sink.

19. Plaintiff has been damaged by Rodriguez' breach of duty as a claim for the damage was filed against it by Insureds and Plaintiff has paid, as a result, the amount of $550,000.00, with the Insureds retaining a deductible of $42,000.00.

WHEREFORE, Plaintiff, AIG Property Casualty Company, as subrogee, demands judgment against Rodriguez in the amount of $550,000.00 plus other expenses such as the cost of salvage and of surveys, plus pre-judgment interest and costs of Court.

## COUNT II
### (Breach of Contract)

Plaintiff reiterates and realleges its allegations in paragraphs 1 through 15 and 19, above and further states:

20.  Subsequent to Rodriguez installing the Dometic air conditioning system at the behest of Uniesse, Insureds hired Rodriguez to perform service on the air conditioning system. Rodriguez breached its contract by failing to properly perform the work for which it was contracted to perform in that it failed to either properly tighten the hose clamps to the Doemtic chiller or failed to check to make sure that the hose clamps were properly tightened.

21.  As a result of Rodriguez' breach, Plaintiff, as subrogee, sustained damage.

WHEREFORE, Plaintiff, AIG Property Casualty Company, as subrogee, demands judgment against Rodriguez in the amount of $550,000.00 plus other expenses such as the cost of salvage and of surveys, plus pre-judgment interest and costs of Court.

## COUNT III

**(Breach of Warranty of Workmanlike Performance)**

Plaintiff reiterates and realleges its allegations in paragraphs 1-15, 19, and 20-21, above, and further states:

22. Rodriguez breached the implied warranty of workmanlike performance in connection with the services it performed by failing to exercise the degree of diligence, attention, and skill adequate to properly perform its work to either check that the hose was properly tighten or to, in fact, properly tighten the hose that fed raw water to the Dometic chiller.

23. As a result of Rodriguez' breach of the implied warranty of workmanlike performance, Plaintiff, as subrogee, sustained damage.

WHEREFORE, Plaintiff, AIG Property Casualty Company, as subrogee, demands judgment against Rodriguez in the amount of $550,000.00 plus other expenses such as the cost of salvage and of surveys, plus pre-judgment interest and costs of Court.

## COUNT IV
**(Negligence)**

Plaintiff reiterates and realleges its allegations in paragraphs 1 through 15, 19, and 20, above, and further states:

24. Rodriguez was under a duty to exercise reasonable care in properly performing its work and not endangering and causing physical injury to property within the scope of its work.

25. Rodriguez breached this duty by failing to exercise ordinary care by failing to ensure that the two hose clamps attached to the Dometic chiller were properly secured and thus causing damage to Vessel.

26. The damages were caused proximately and solely by the act(s) and omission(s) of Rodriguez which included, but are not limited to, failing to properly connect the raw water house to the chiller or failing to check the connection to ensure that it was tight. Said act(s) and omission(s) caused physical damage to property that Rodriguez had worked on as well as other engines components and parts that were not part of the initial scope of work.

27. All of these acts and omissions breached the duty owed by Rodriguez to Insureds to act with reasonable care in the repair and maintenance of the Vessel's air conditioning system.

28. As a direct and foreseeable result of Rodriguez' breach of the duty of reasonable care owed to Insureds, Plaintiff, as subrogee of Insureds has been damaged in the amounts stated aforesaid, no part of which has been paid despite demand therefore.

WHEREFORE, Plaintiff, AIG Property Casualty Company, as subrogee, demands judgment against Rodriguez in the amount of $550,000.00 plus other expenses such as the cost of salvage and of

surveys, plus pre-judgment interest and costs of Court.

*s/Alvaro L. Mejer*
Alvaro L. Mejer, Esq.
Fla Bar No. 222623
MEJER LAW, P.A.
Sun Trust Plaza / Suite 504
201 Alhambra Circle
Coral Gables, Florida 33134
Telephone (305) 444-3355
Telefax (305) 442-4300
E-mail: amejer@mejerlaw.com
        Alvaromejer@gmail.com
        Annie@mejerlaw.com
Attorney for AIG Property Casualty Company