UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AIG PROPERTY CASUALTY COMPANY,
as Subrogee,

       Plaintiff,

v.                                               CASE NO. 1:24-CV-24671-KMM

RODRIGUEZ OCEAN YACHTS, LLC,
a Florida limited liability company,

       Defendant.
_____/

**DEFENDANT RODRIGUEZ OCEAN YACHTS, LLC's
MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR,
ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT**

Defendant Rodriguez Ocean Yachts, LLC (hereafter "ROY"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e), moves this Court to dismiss plaintiff's Complaint or, alternatively, order a more definite statement and states as follows:

**Introduction**

Plaintiff's Complaint alleges four counts against ROY, each of which set forth a distinct legal claim: (1) negligence regarding an alleged failure to "properly tighten or otherwise properly secure the two hose clamps that held in place the raw water hose that connected to the Dometic chiller unit," (2) breach of contract, (3) breach of warranty of workmanlike performance, and (4) negligence regarding an alleged failure to "exercise ordinary care by failing to ensure that the two hose clamps attached to the Dometic chiller were properly secured and thus causing damage to Vessel." *See generally* Compl. However, plaintiff's Complaint impermissibly comingles both factual and legal allegations between these four independent counts, thereby inseparably merging

1

plaintiff's independent causes of action and rendering it impossible for ROY to answer the Complaint as written.  In addition to the improper comingling of plaintiff's several counts against ROY, plaintiff has failed to allege facts sufficient to support the count for breach of contract against ROY or to support the count for breach of warranty of workmanlike performance against ROY. Independently from these aforementioned deficiencies, plaintiff has failed to allege facts sufficient to show a right to either equitable or conventional subrogation.  Therefore, plaintiff's Complaint fails to state a claim upon which relief can be granted and must be dismissed.

## Legal Argument

*i.     Standard of Review.*

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff.  *See, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir.1994). The Court must limit its consideration to plaintiff's Complaint and any exhibits attached thereto, of which there are none.  *See GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir.1993). Mere "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."  *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir.2003).  To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must provide more than "mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Berger v. J. Slagter & Son Construction Co.*, 2010 WL 1644937, *1 (M.D. Fla. 2010).  *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  The complaint must contain factual allegations which "raise a right to relief above the speculative level."  *Id*. at 555.

      *ii.*      *Plaintiff's Complaint Is an Impermissible "Shotgun Pleading" Requiring Dismissal.*

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Furthermore, a proper complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming." *Anderson v. District Bd. of Trustees of Cent. Fla. Community College*, 77 F.3d 364, 366-67 (11th Cir. 1996) (explaining that where "the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b)"); *Cesnick v. Edgewood Baptist Church*, 88 F.3d 902, 905-07 (11th Cir. 1996) (dismissing a "shotgun" pleading framed in complete disregard of the principle that discrete causes of action should be plead in separate counts, including the incorporation of a breach of contract count lacking factual specificity into subsequent counts in its entirety); *Harris v. Radioshack Corp.*, 2002 WL 1907569, *2 (S.D. Fla. 2002) (dismissing a complaint after finding that it "combines and conflates separate causes of action within the same count in violation of Rule 10(b)" and that the complaint "incorporates [plaintiff's] factual allegations wholesale into each and every count of the Complaint"). *See also* Fed.R.Civ.P. 10(b). A complaint lacking this requisite clarity constitutes a "shotgun pleading," which presents an unfair burden on the defendant, and is, alone, a basis for dismissal. *Waxman v. Equitable Life Assur. Society of U.S.*, 2008 WL 619321, *2 (S.D. Fla. 2008) (explaining that a defendant "is entitled to a Complaint containing specific allegations of its alleged wrongdoing separated into individual counts"); *Berger*, 2010 WL 1644937 at *2 (finding that a complaint which incorporates "irrelevant factual allegations and legal conclusions" through incorporation "is clearly an impermissible shotgun pleading and, on that basis alone, must be dismissed.") *See also Beckwith*

*v. Bellsouth Telecommunications Inc.*, 146 Fed.Appx. 368 (11th Cir. 2005). Federal courts do not require defendants "to 'sift the facts presented and decide for [itself] which were material to the particular cause of action asserted.'" *Id*. at 372 (*quoting Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 n. 9 (11th Cir.2002)).

Here, Plaintiff's Complaint purports to bring four separate claims against ROY: two distinct counts of negligence (Counts I and IV), a count for breach of contract (Count II), and a count for breach of warranty of workmanlike performance (Count III). *See generally* Compl. Each of the counts incorporates all of the commonly pled factual allegations. *See* Compl., unnumbered paragraphs at pp. 4, 5, and 6. This wholesale incorporation of common factual allegations into each count compounds the lack of clarity as to how plaintiff's two separate counts for negligence are distinct from one another. *See* Compl., ¶¶ 16-19 *c.f.* Compl., ¶¶ 24-28. Further confusing the matter, Count IV incorporates ¶ 19 (the legal conclusion asserted in the allegations of Count I), and ¶ 20 (plaintiff's factual allegations specific to Count II). *See* Compl., unnumbered paragraph on p. 6. Because plaintiff's Complaint both (1) fails to set forth allegations showing how the Counts I and IV for negligence are distinct from one another and (2) intermingles legal and factual allegations from Count I and Count II among the allegations in Count IV, ROY is unable to form a response to plaintiff's Complaint.

In addition, plaintiff's Complaint incorporates into Count II the legal conclusion asserted by plaintiff in Count I. *See* Compl., unnumbered paragraph on p. 5. It is unclear how this legal conclusion regarding negligence is material and relevant to plaintiff's allegation of breach of contract. Count III incorporates not only this same legal conclusion from Count I, **it also incorporates the entirety of Count II**. *See* Compl., unnumbered paragraph on p. 6. As explained at length above, the wholesale incorporation of one count into another and the impermissible

intermingling of irrelevant factual allegations conflates the separate causes of action in plaintiff's Complaint. This quintessential "shotgun pleading" is in violation of Federal Rules of Civil Procedure 8(a)(2) and 10(b) must, therefore, be dismissed.

    iii.    *Plaintiff's Count II Fails to State a Claim for Breach of Contract, and by Necessity Count III, therefore, Also Fails to State a Claim.*

"To recover damages on a claim for breach of contract to repair a vessel, a plaintiff must establish: (1) the terms of the contract, (2) a material breach of the contract, and (3) the reasonable value of the damages." *New Hampshire Ins. Co. v. Logan Marine & Indus. Diesel LLC*, No. 23-CV-80628, 2024 WL 3791869, at *14 (S.D. Fla. Aug. 13, 2024). Contracts, including oral contracts, to repair a vessel are federal maritime contracts. *See Calvoz v. Chamonix, Inc.,* No. 22-22358-CIV, 2023 WL 11661631, at *3 (S.D. Fla. Apr. 20, 2023). "Claims for breach of warranty of workmanlike performance sound in contract." *Kol B'Seder, Inc. v. Certain Underwriters at Lloyd's of London Subscribing to Certificate No. 154766 Under Contract No. B0621MASRSWV15BND*, 766 Fed. Appx. 795, 801 (11th Cir. 2019). Where a plaintiff fails to show the existence of a contract upon which a count for breach of the warranty of workmanlike performance relies, that "claim for breach of warranty of workmanlike performance also fails as a matter of law." *Id*.

Plaintiff fails to allege any material terms of the alleged contract between ROY and the subrogors. In fact, plaintiff does not attach any such contract to the Complaint, or even specify in the Complaint whether the subject contract was written or oral. *See generally* Compl. Plaintiff alleges that the "Insureds directly hired Rodriguez to perform work, as well as maintenance, on the Dometic Air conditioning system," that the "Insureds hired Rodriguez to perform service on the air conditioning system," and that ROY "failed to properly perform the work for which it was contracted to perform" Compl., ¶¶ 11 and 20. **This is nothing more than a legal conclusion** that

some unspecified, material terms of some kind of written or oral contract were breached. Therefore, **plaintiff fails to allege the material terms of the contract** between ROY and the subrogors and, therefore, fails to state a claim for breach of contract upon which relief may be granted. *New Hampshire Ins. Co.*, No. 23-CV-80628, 2024 WL 3791869, at *14. Because plaintiff fails to set forth the material terms of the alleged contract between the subrogors and ROY, plaintiff also fails to set forth a claim for breach of the warranty of workmanlike performance. *Kol B'Seder, Inc.*, 766 Fed. Appx. at 801.

    iv.    *Independently, Plaintiff's Complaint Fails to Allege the Essential Elements of a Cause of Action for Subrogation.*

Apart from the aforementioned deficiencies in plaintiff's Complaint, plaintiff fails to allege facts sufficient to substantiate a cause of action brought as the subrogee of Jorge R. de Posada and Laura de Posada. A subrogee stands in the shoes of the insured and is entitled to all of the rights of the subrogor, "but also suffers all of the liabilities to which the subrogor would be subject." *Allstate Ins. Co. v. Metro. Dade Cnty.*, 436 So. 2d 976, 978 (Fla. 3d DCA 1983). At maritime law, "Florida recognizes two types of subrogation: conventional and equitable." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. KPMG Peat Marwick*, 742 So. 2d 328, 332 (Fla. 3d DCA 1999). "The doctrine of equitable subrogation is not created by a contract, but by the legal consequences of the acts and relationships of the parties." *Dade Cnty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 646 (Fla. 1999). "Equitable subrogation is generally appropriate where: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt, (4) the subrogee paid off the entire debt, and (5) subrogation would not work any injustice to the rights of a third party." *Id*. On the other hand, "[c]onventional subrogation 'depends upon a lawful contract, and occurs where one having no interest in or relation to the matter pays the debt of another, and by agreement is entitled to the

6

securities and rights of the creditor so paid.'" *Nova Info. Sys., Inc. v. Greenwich Ins. Co.*, 365 F.3d 996, 1004 (11th Cir. 2004) (*quoting Dade County Sch. Bd.,* 731 So.2d at 647 (Fla.1999). "Contractual indemnification *requires* a contract between the paying party and the injuring party." *Metro. Dade Cnty.*, 436 So. 2d at 978 (emphasis supplied).

Plaintiff's Complaint fails to allege facts sufficient to establish either equitable or contractual subrogation. Plaintiff's Complaint alleges only that "[r]or the loss Plaintiff recognized a claim of $550,000.00, with Insureds retaining a deductible of $42,000.00. Plaintiff paid Insured $550,000.00 and has become subrogated to the interests of Insureds." Compl., ¶ 13. Therefore, plaintiff alleges that it has made a payment to its insureds for a claim which it "recognized," but fails to allege that this payment was not voluntary, fails to allege that its payment was for the entirety of a debt which the insureds owed, and fails to allege that the insurance contract between plaintiff and its insureds entitles plaintiff to subrogate the instant cause of action against ROY. Plaintiff has also failed to attach a copy of the subject insurance policy to its Complaint, and therefore ROY is unable to review the subject policy in order to evaluate whether plaintiff has been granted a contractual right to pursue the instant cause of action as the subrogee of its insureds. Therefore, plaintiff's Complaint must be dismissed and a more definite statement must be filed by plaintiff alleging facts sufficient to substantiate this subrogation action against ROY.

## Conclusion

Plaintiff's Complaint must be dismissed because it fails to state a claim upon which relief can be granted. Although plaintiff's Complaint purports to be brought as subrogee of Jorge R. de Posada and Laura de Posada, plaintiff fails to set forth factual allegations sufficient to demonstrate entitlement to bring the instant cause of action under either equitable or conventional subrogation, nor has plaintiff attached a copy of the subject insurance policy to the Complaint for review.

Meanwhile, plaintiff fails to plead the essential elements of breach of a ship repair contract, including the material terms of the alleged contract, and therefore Count II for breach of contract cannot stand either. Relatedly, Count III for breach of the warranty of workmanlike performance is grounded in contract and fails to set forth the material contract terms giving rise to the alleged breach, and thus it, too, fails to plead sufficient factual allegations to stand. Overall, plaintiff's Complaint is a "shotgun pleading" intermingling both legal and factual allegations among the several counts, and therefore must be dismissed under Federal Rules of Civil Procedure 12(b)(6) and 12(e). Plaintiff's Complaint must be dismissed in its entirety.

WHEREFORE, defendant, RODRIGUEZ OCEAN YACHTS, LLC, requests that this Court enter an order dismissing plaintiff's Complaint or, alternatively, requiring plaintiff to file an Amended Complaint complying with the Federal Rules of Civil Procedure and granting any and all other relief which this Court deems just and proper.

Respectfully submitted this 3rd day of February, 2025.

/s/ *Matthew C. Scarfone*
**Matthew C. Scarfone, Esq.**
Florida Bar No. 94306
**James J. Guanciale, Esq.**
Florida Bar No. 1032157
**Colodny Fass**
Counsel for Defendant
1401 NW 136th Avenue, Suite 200
Sunrise, Florida 33323
Telephone:  (954) 492-4010
Telefax:  (954) 492-1144
Email: mscarfone@colodnyfass.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed through the CM/ECF system and served this 3rd day of February 2025 on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of

Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

/s/ *Matthew C. Scarfone*
Matthew C. Scarfone, Esq.
Counsel for Defendant

**SERVICE LIST**

Alvaro L. Mejer, Esq.
COUNSEL FOR PLAINTIFF
Mejer Law, P.A.
Sun Trust Plaza / Suite 504
201 Alhambra Circle
Coral Gables, Florida 33134
amejer@mejerlaw.com
alvaromejer@gmail.com
annie@mejerlaw.com